UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PHILLIP A. VAUGHN,

　　　　　*Plaintiff-Appellant,*

v.

RICHARD DANZIG, SECRETARY OF THE NAVY,

　　　　　*Defendant-Appellee.*

No. 00-2562

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CA-99-150, CA-00-40)

Submitted: July 31, 2001

Decided: September 7, 2001

Before WILKINS and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Chester L. Smith, Virginia Beach, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Lawrence R. Leonard, Managing Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Philip A. Vaughn appeals the district court's order granting summary judgment to Defendant on his claims that he was wrongfully discharged from the United States Navy, and that the destruction of disciplinary records violated the Privacy Act, 5 U.S.C.A. § 552a (West 1996 & Supp. 2001). Finding no error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

Vaughn first claims that the district court erred in concluding that his due process rights were not violated because no property or liberty interests were violated by his discharge. Our review of the record convinces us that, because Vaughn was not discharged prior to the expiration of his enlistment contract, he had no valid property interest in continued service in the Navy. Vaughn has also not demonstrated that any statements made by the Navy in connection with his discharge were false, and therefore has not shown a violation of his liberty interests. *See Guerra v. Scruggs*, 942 F.2d 270, 278-79 (4th Cir. 1991).

Vaughn also argues that the district court erred in concluding that his discharge did not violate Navy personnel regulations. He specifically contends that the Navy failed to consider rehabilitation, as

required by the regulation, and thus improperly decided to discharge him. Assuming, without deciding, that the regulation in question requires such consideration, we find no error in the district court's conclusion. A review of Vaughn's service record for the period of his last enlistment reflects several instances of counseling, alcohol rehabilitation treatment, advice that his conduct was unacceptable, and offers of assistance in correcting his deficiencies. Moreover, as correctly noted by the district court, according appropriate weight to an internal Navy regulation in evaluating whether a particular member will be permitted to continue in the service inherently requires that discretion be exercised by military commanders. The Supreme Court has clearly circumscribed the role of courts called upon to review such discretionary decisions. Thus, judgments required in the unique context of the military are entitled to a high degree of deference. *See Goldman v. Weinberger*, 475 U.S. 503, 506-08 (1986); *Chappell v. Wallace*, 462 U.S. 296, 300-05 (1982). We discern no abuse of discretion in the circumstances of this case.

Vaughn's final argument on appeal is that the district court erred in concluding that the Navy did not violate federal law by destroying the record of his disciplinary proceedings held in October 1996. Vaughn specifically cites a provision of the Privacy Act that provides for civil remedies if an agency fails to maintain an accurate record where such record may be used to determine the rights, benefits, opportunities, or fitness of the individual. Vaughn's reliance on this provision is misplaced. The record indicates that, at the time of the adverse action in this case, Vaughn's discharge from the Navy in February 1997, the record of his nonjudicial punishment was maintained in the files of his unit. The record was destroyed in May 1999, pursuant to Navy records retention policy. Accordingly, the provision of the Privacy Act Vaughn relies upon on appeal was not violated by the destruction of his record. Although Vaughn seems to argue that the Privacy Act requires that records be maintained in perpetuity, he has cited no authority for that position.

Moreover, as noted by the Government in its brief, Vaughn's telephonic request for the record before it was destroyed did not comply with the requirement for submitting a request under the Freedom of Information Act, Privacy Act, or Navy regulations implementing those statutes. When he complied with these procedures by submitting

a written request for the record, it no longer existed, having been destroyed in accordance with Navy policy. That destruction did not violate federal law, as agencies are not required to retain records on the possibility that a FOIA or Privacy Act request may be submitted. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 155 n.9 (1980) (no obligation to retain records prior to a FOIA request).

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*